## DIAZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 10.—Decided June 21, 1905.

ALIENATION OF GANANCIAL PROPERTY—CANCELLATION OF MORTGAGE—CREDITS.—A husband cannot alienate the real property belonging to the conjugal partnership without the consent of his wife, as such a conveyance is null and void, and this provision is applicable also to the cancellation of a mortgage credit, inasmuch as by such a transaction the conjugal partnership is deprived of a real right wherein the wife may be interested.

ID.—INCURABLE DEFECT.—Where the husband executes a contract alienating ganancial property without the consent of the wife, the deed contains an incurable defect which prevents its admission to record in the registry of property.

### STATEMENT OF THE CASE.

This is an appeal taken by Rafael Arce Rollet on behalf of Ramon Diaz Delgado, from a decision of the Registrar of Property of Caguas, by which he refused to cancel a mortgage.

By public deed executed in the city of Caguas before Attorney and Notary Rafael Arce Rollet of said city, on May 16th last, Pedro Orcasitas y Muñoz, married, and a merchant engaged in business in said city, executed a receipt in full and total cancellation in favor of Ramon Diaz Delgado, of a mortgage credit for the sum of $600 which he had loaned him on interest at the rate of 1½ per cent per month, which sum the debtor had paid in bank notes in the presence of the authenticating notary and witnesses, declaring in addition that he owed him nothing by way of interest; and a copy of said deed having been presented in the Registry of Property of Caguas for the cancellation of the mortgage, the registrar refused to admit it to record for the reasons stated in the decision which he entered at the end of said document, which decision reads as follows:

"The record relating to the foregoing document is denied, a cautionary notice being made in lieu thereof for a period of one hundred and twenty days, at folio 102 of volume 9 of Aguas Buenas, estate 418, entry letter A, and in the margin of entries 6, 9 and 4 of estates 86, 107, 82 and 398 at folios 186, 33 reverse side, 36 and 248 reverse side, of volumes 2, 3, 12, and 8 of Aguas Buenas, on account of the incurable defect that the mortgage, the subject of said document being real property forming part of the property of the conjugal partnership, the cancellation of said mortgage has been made by Pedro Orcasitas Muñoz alone, without the consent of his wife, which is absolutely necessary under the penalty of the nullity of such act of alienation.—Caguas, May 31, 1905. S. Abella Baston, Registrar."

From this decision Attorney Rafael Arce Rollet took this appeal in the name of Ramon Diaz Delgado, seeking its reversal and the issuance of an order to the registrar to admit said instrument to record, with the costs.

*Mr. Arce* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

In accordance with section 159 of the revised Civil Code, a husband cannot alienate the real property of the conjugal partnership without the consent of his wife, under the penalty of nullity; and as there exist in this case the same reasons which the legislator considered in establishing that prohibition, inasmuch as by the cancellation of a mortgage credit as well as by the alienation of any real property belonging to the conjugal partnership, she is deprived of a real right in which the wife may be interested, the prohibition established in the said section of the Civil Code in force must be considered applicable to this case, on the well-known juridical principle of aphorism that where the same reason in law exists, the same provision of law must apply.

Therefore, as the wife of Pedro Orcasitas y Muñoz did not intervene in the execution of the deed in question to give her consent to the cancellation of the mortgage, said deed contains an incurable defect which prevents its admission to record in the registry of property.

The decision of the Registrar of Property of Caguas placed at the end of the instrument involved in this appeal is affirmed, and it is ordered that the document presented be returned to him with a copy of this opinion for his information, and other proper purposes.

Justices Hernandez, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.